IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>As representative of the<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>Plaintiff,<br><br>v.<br><br>HON. PEDRO PIERLUISI URRUTIA, in his official capacity as Governor of Puerto Rico<br>*Defendants.* | CASE NO. 17-BK-4780<br>Jointly Administered<br><br>PETITION UNDER TITLE III OF THE PUERTO RICO OVERSIGHT, MANAGEMENT AND ECONOMICSTABILITY ACT<br><br>CASE NO. 24-00062-LTS<br><br>NULLIFICATION OF ACT 10 AND INJUNCTION BARRING IMPLEMENTATION AND ENFORCEMENT OF ACT 10 |

**MOTION TO REQUESTE INTERVENTION ON BEHALF OF THE SENATE OF PUERTO RICO AND THE HONORABLE JOSE LUIS DALMAU IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE SENATE OF PUERTO RICO**

**TO THE HONORABLE COURT**:

**COMES NOW** proposed intervenor Hon. José Luis Dalmau, in his official capacity as President of the Senate of Puerto Rico, through the undersigned counsels and very respectfully **SETS FORTH** and **PRAY**:

### I. INTRODUCTION

On July 26, 2024, plaintiff the Financial Oversight and Management Board for Puerto Rico

(hereinafter referred to as "FOMB" or "the Board") filed the instant action against the Governor of Puerto Rico, seeking to challenge legislation enacted by Puerto Rico's lawfully elected Legislature due to the law being "inconsistent" with the Puerto Rico Management and Economic Stability Act, 48 U.S.C. § 2101, et seq. (hereinafter referred to as "PROMESA"). The instant action goes after Puerto Rico's Act 10-2024 in an attempt to nullify Act10-2024 ("Act10"), a law which authorizes limiting the Puerto Rico Energy Bureau's (the "Energy Bureau"), an independent regulatory board created under Puerto Rico Act 57-2014 ("Act 57"), authority to establish net metering policy. The Net Metering Program was created by Puerto Rico Act 114-2007.

By nullifying the legally passed Act 10-2024 and requesting that the Government and therefore the Senate of Puerto Rico be "enjoined from enacting, implementing and enforcing laws" that restrict or compel action by the Energy Bureau (see "Prayer For Relief"), the FOMB seeks to substitute the will of the People of Puerto Rico, which includes limiting the constitutional power granted to the legislative branch of Puerto Rico, which is represented in this request by the Senate of Puerto Rico.

## II. INTERVENING PARTY

The Senate of Puerto Rico, represented herein by its President, who was elected pursuant to the mandates of the Constitution of the Commonwealth,[1] is the upper chamber of the Puerto Rico Legislative Assembly. Alongside the lower chamber the Puerto Rico House of Representative, both comprises the Legislative branch of the Puerto Rico Government and works alongside the Governor of Puerto Rico to enact laws.

The Senate of Puerto Rico is deeply concern by this latest action from the FOMB, in particular its request to nullify Puerto Rico Act 10-2024, a duly approved legislative bill by both chambers in Puerto Rico, including the Senate of Puerto Rico, and signed by the Governor of Puerto Rico, all constitutional actions within their constitutional prerogative.

---

[1] Senate Jose Luis Dalmau has served as in the Puerto Rico Senate from 2001 to the present and was elected its president in 2021.

2

For the reasons that follow, the appearing party the Senate of Puerto Rico, represented herein by its President, Hon. Jose Luis Dalmau, should be allowed to intervene in this very important matter for Puerto Rico.

### III. DISCUSSION

### INTERVENTION GENERALLY

Regarding the procedural vehicle of intervention, the U.S. First Circuit has explained that:

The Civil Rules contemplate two types of motions to intervene: intervention as of right, Fed. R. Civ. P. 24(a), and a permissive intervention, Fed. R. Civ. P. 24(b). The differences are significant.

R&G Mortg. Corp. v. Fed. Home Loan Mortg. Corp., 584 F.3d 1, 8 (1st Cir. 2009)

We now discuss why we respectfully understand that the appearing Party, the Senate of Puerto Rico and its President, Hon. Jose Luis Dalmau, should be entitled to intervene as of right.

### INTERVENTION AS OF RIGHT

Fed. R. Civ. P. 24(a)(1)(2) allows intervention as of right when the intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest". A motion to intervene pursuant to this rule must comply with four requirements: "(1) a timely application for intervention; (2) a demonstrated interest relating to the property or transaction that forms the basis of the ongoing action; (3) a satisfactory showing that the disposition of the action threatens to create a practical impairment or impediment to its ability to protect that interest; and (4) a satisfactory showing that existing parties inadequately represent its interest." Public Serv. Co. of New Hampshire v. Patch, 136 F.3d 197, 204 (1st Cir. 1998). We address each of these factors separately.

This Honorable Court issued on August 9, 2024 an Order (the "August 9 Order") issuing an expedite schedule for all procedural matters under this case. See Document No. 6 in the Docket. The

3

August 9 Order determines that any motion to intervene shall be filed no later than September 4, 2024. This motion to intervene is presented and filed timely before the granted date.

On the issue of whether or not the appearing party has on behalf of the Senate "demonstrated interest relating to the property or transaction that forms the basis of the ongoing action", it ought to be stated that the complaint contains many particularized allegations on the inadequacy of the legislative process therefore impacting actions taken by the Senate of Puerto Rico. In particular, the FOMB's prayer for relief includes requesting this Honorable Court order that "the Governor be permanently enjoined from enacting, implementing and enforcing laws that restrict or compel action by the Energy Bureau." See Prayer for Relief of the Complaint. As one of the government entities directly impacted by the FOMB's prayer for relief, the Senate of Puerto Rico should be allowed to intervene as a right in order to defend its constitutional granted powers being attacked by the FOMB.

This request itself set a new effort by the FOMB to not only intervene in past legislative efforts in Puerto Rico but also future legislative efforts that are certainly the prerogative of the People of Puerto Rico through its three branches of Government, which includes the Senate of Puerto Rico, the appearing party.

To the extent that the Legislature's adherence to PROMESA is being directly questioned and that imputations will necessarily be adjudicated by the Court, the Legislature, obviously including Senate of Puerto Rico, cannot be prevented from defending against such claims.

Therefore on the issue of "practical impairment", it is clear that any litigation pursuant to PROMESA is both novel (never in recent history has Congress created such a scheme of administration for previously self-governing territories) and sets forth the law to be applied to the cases that follow. This Honorable Court will be required to decide the validity of a statute that affects the entirety of the energy sector in Puerto Rico, including energy market and the net metering program established under Puerto Rico Act 114-2007 and Puerto Rico Act 10-2024, mechanism that has been in effect for years that would be now nullified and take away. If the appearing party, the Senate of

4

Puerto Rico, is not allowed to intervene and granted to opportunity to be heard on the matter, it may have drastic consequence to the way in which it legislates on energy matters. The Puerto Rico Senate should have a say in any proceeding that may very well result in further curtailment of their constitutional, policymaking authority.

On the fourth prong of intervention as of right, by its very nature, the Executive Branch cannot take up the defense of the prerogatives belonging to the Legislative Branch and vice versa, as such restraint is demanded by basic separation of powers considerations. It suffices to say that, as vigorously as we hope that the Governor defends the claims asserted against him, he should not and cannot be expected to become a defender of legislative prerogatives. This should suffice to satisfy this final prong as, "[a]n intervenor need only show that representation may be inadequate, not that it is inadequate". Conservation Law Foundation, Inc. v. Mosbacher, 966 F.2d 39, 44 (1st Cir. 1992) (emphasis added); see also Public Service Commission v. Patch, 136 F.3d 197, 207 (1st Cir. 1998) (reiterating that "an applicant for intervention need only make a minimal showing that the representation afforded by existing parties likely will prove inadequate")

We respectfully believe that allowing the Senate of Puerto Rico and its President, Hon. Jose Luis Dalmau, to appear as an intervenor in this case would assist rather than hinder the prompt and adequate resolution of this important controversies presented in this far reaching complain.

**WHEREFORE** it is very respectfully requested from this Honorable Court that the Senate of Puerto Rico and its President Hon. Jose Luis Dalmau be hereby **ALLOWED TO INTERVENE** in the instant action.

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the instant document has been filed with the Court's CM/ECF System, which will simultaneously serve notice on all counsels of record to their registered e-mail addresses. Any non-registered attorneys and/or parties will be served via regular mail.

In San Juan, Puerto Rico this 22nd day of August, 2024.

**RESPECTFULLY SUBMITTED.**

**QUIÑONES & ARBONA, PSC**
PO Box 10906
San Juan, Puerto Rico  00922
✆ Tel.787-620-6776
📠 Fax. 787-620-6777

**S/ EDWIN QUIÑONES-RIVERA**
USDC-PR No. 124305
E-mail: equinones@qaclaw.com

*Attorneys for* intervenor, *Senate of Puerto Rico and its President, Hon. Jose Luis Dalmau Santiago, in his official capacity as President of the Senate of Puerto Rico.*

6