# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA Title III<br><br>Case No. 17-BK-4780-LTS<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>HON. PEDRO PIERLUISI, in his official capacity as Governor of Puerto Rico,<br><br>Defendant. | Adv. Proc. No. 24-00062-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17- BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (III) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17- BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## REPLY IN SUPPORT OF THE SENATE OF PUERTO RICO'S MOTION TO INTERVENE

**TO THE HONORABLE COURT:**

**COMES NOW** proposed intervenor Hon. José Luis Dalmau, in his official capacity as the President of the Senate of Puerto Rico (the "Senate"), by and through its undersigned counsel, and respectfully submits this reply in support of its motion to intervene as of right under Fed. R. Civ. P. 24(a).

### I. Introduction

The FOMB filed the instant action against the Governor of Puerto Rico (the "Governor") seeking to nullify Act 10-2024 ("Act 10"). *See* Dkt. No. 1. On August 22, 2024, the Senate sought to intervene as of right under Fed. R. Civ. P. 24(a) and tendered the corresponding answer to the complaint. *See* Dkt. No. 10. The FOMB opposed the Senate's motion, arguing that the Senate lacks a protectable interest and that the Governor adequately represents any interest the Senate might claim. These arguments fail, however, because the Senate's constitutional legislative powers are directly threatened by the relief sought in this action, and the Governor's role as the head of the executive branch does not encompass the Senate's distinct legislative interests. Notice that the FOMB seeks to enjoin the Governor from enacting, implementing, and enforcing all future laws impacting the Puerto Rico Energy Bureau ("PREB"). *See* Dkt. No. 1 at p. 26, ¶ E. However, such relief would permanently undermine the Senate's constitutionally protected role in enacting legislation, especially laws related to the Commonwealth's public policy concerning energy (which are the statutes that the PREB is authorized by Puerto Rico's Legislative Assembly to administer). Because the requested relief would effectively render the Senate's legislative powers null and create a separation of powers issue, the Senate has a clear, protectable interest in this

2

litigation that is not adequately represented by the Governor. Because of this, and for the additional reasons that follow, the Senate's motion to intervene as of right should be granted.

## II. Discussion

Under First Circuit precedent, a party seeking intervention as of right under Fed. R. Civ. P. 24(a) must show "(1) the timeliness of her motion; (2) a concrete interest in the pending action; (3) 'a realistic threat' that resolution of the pending action will hinder her ability to effectuate that interest; and (4) the absence of adequate representation by any existing party." *T-Mobile Northeast LLC v. Town of Barnstable*, 969 F.3d 33,39 (1st Cir. 2020). The application of this framework to the divers[e] factual circumstances of individual cases requires a holistic, rather than reductionist, approach. *Public Service Co. of New Hampshire v. Patch*, 136 F.3d 197,204 (1st Cir. 1998) (internal citations omitted). In its opposition, the FOMB argues that the Senate has failed to establish two of these requirements, to wit: a protectable interest in the litigation that will be impaired absent its intervention and an absence of adequate representation. The FOMB is mistaken, as will be shown below.

A. <u>The Senate has a protectable interest in preserving its constitutional legislative authority</u>

"While the type of interest sufficient to sustain intervention as of right is not amenable to precise and authoritative definition, a putative intervenor must show at a bare minimum that it has 'a significantly protectable interest,' that is 'direct, not contingent,' […] an undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of right." *Id*. at 205. The Senate's interest in this case arises from its constitutional authority to legislate, particularly over matters concerning energy and the PREB, matters that reflect the Commonwealth's public policy in such an essential part of the daily lives of the millions of Puerto Ricans. The requested relief – fundamentally a permanent injunction on

3

a class of legislation – directly impinges on this legislative function, as it seeks to prevent the enactment, implementation, and enforcement of laws concerning the PREB. This creates a clear threat to the Senate's legislative authority, as specifically granted by the Constitution of Puerto Rico.

The Constitution of Puerto Rico states that "[t]he legislative power shall be vested in a Legislative Assembly, which shall consist of two houses, the Senate and the House of Representatives whose members shall be elected by direct vote at each general election." CONST. PR Art. III § 1. In turn, "[e]very bill which is approved by a majority of the total number of members of which each house is composed shall be submitted to the Governor and shall become law if he signs it or if he does not return it, with his objections, to the house in which it originated within ten days (Sundays excepted) counting from the date on which he shall have received it." CONST. PR Art. III § 19. In addition, "the Legislative Assembly [must] create, reorganize and consolidate executive departments and [ ] define their functions." CONST. PR Art. IV § 6. The Constitution of Puerto Rico, thus, provides for a clear separation of powers between the executive and legislative branches. "[T]he separation of powers that stems from the Constitution is not merely a matter of convenience or governmental mechanism," but a fundamental principle of Puerto Rico's democratic principles. *Colón Cortés v. Pesquera*, 150 D.P.R. 724,752 (P.R. 2000); 2000 P.R.-Eng. 424,713 (P.R. Offic. Trans.); *see also Delgado, Ex parte*, 165 D.P.R. 170, 192-93 (P.R. 2005).[2]

The Complaint filed by the FOMB requests that "[t]he Governor be permanently enjoined from enacting, implementing, and enforcing laws that restrict or compel action by the Energy

---

[2] "It is for the Legislature and the elected legislators who serve there to determine what public policy should be embodied in our laws. Laws are ultimately the reflection of the will of the people expressed democratically through elected legislators and reflect what the people are willing to accept at any given time." *Delgado, Ex parte*, 165 D.P.R. 170, 192-93 (P.R. 2005) (internal citations omitted) (translation ours).

4

Bureau." Dkt. No. 1 at 26, ¶ E. The relief requested by the FOMB to preclude the Governor from enacting or implementing any law passed by the Legislature concerning the PREB, including future legislation, directly interferes with the Senate's power to enact laws, a power granted by Article III, § 1 of the Puerto Rico Constitution. By seeking to enjoin the Governor from carrying out future laws related to the PREB, the FOMB undermines the Senate's ability to legislate in an area of critical public and policy importance. Furthermore, the Senate's authority to legislate in matters concerning the PREB is fundamental to the separation of powers in Puerto Rico. The Legislature, consisting of the Senate and House of Representatives, is not only vested with the power to enact laws that govern Puerto Rico's public policy and regulate essential services like energy, but also tasked by the Constitution with the creation, reorganization and consolidation of executive departments. CONST. PR Art. IV § 6. If the court grants the FOMB's requested relief, the Senate's legislative efforts – as specifically granted by the Constitution – would be nullified, as the laws it enacts concerning the PREB could not be implemented or enforced. This creates an immediate, substantial, protectable and direct interest that warrants intervention as of right. *Patch*, 136 F.3d at 205.

Furthermore, the relief sought by the FOMB threatens separation of powers by effectively annulling the Senate's legislative powers over the PREB. The PREB is a creature of the Puerto Rico Legislature. Act No. 57-2014, as amended, 22 L.P.R.A. §§ 1051-1054 ("Act 57"). Its creation corresponded to the Legislature's legitimate constitutional exercise of establishing Puerto Rico's public policy on energy issues. The PREB holds such importance to the Legislature's public policy on energy issues that Act 57's Statement of Motives specifically states that:

> [t]his Legislative Assembly understands that there is a compelling need to take immediate action to improve our electrical system through the creation of a specialized regulatory entity with the resources and expertise needed to supervise this effort. **The Energy**

5

> **Commission shall be subject to the Legislative Assembly's strict scrutiny in order to ensure that it fully complies with its duties and responsibilities**. If the Commission properly carries out its mandate, the Legislative Assembly may consider attaching or merging it with other public utilities regulatory commissions already existing in the Island.

Act 57, Statement of Motives (emphasis ours). To establish – as the FOMB intends – that the PREB becomes an entity untouchable by the Legislature – immune to all oversight except the FOMB's – violates the most basic principles of separation of powers, according to which public policy is established by the Legislature through legislation and implemented by the Governor only *after* the Legislature has acted. To put it bluntly, behind the FOMB's supposed interest in protecting the PREB from political influence, what we find is an attempt to stop the Legislature from setting Puerto Rico's public policy on energy issues. One must then question if what the FOMB actually seeks is to control the PREB, so that it acts in accordance with the FOMB's own economic interests, not the public policy developed by the Legislature in response to the needs of Puerto Ricans. However, the FOMB cannot legitimately remove the Legislature from the equation as far as the PREB is concerned, because PREB is a legislative creature over which – by constitutional provision – the Legislature may legislate. *See* CONST. PR Art. IV § 6 ("The Legislative Assembly [must] create, reorganize and consolidate executive departments and [ ] define their functions."); *see also Muñoz Barrientos v. Estado Libre Asociado de Puerto Rico*, 212 D.P.R. 714, 723 (2023).[3]

Thus, the requested relief goes beyond merely restraining the Governor's executive function; it directly impinges on the Senate's constitutional role in the legislative process and creation of executive departments. By seeking an injunction that prevents the Governor from

---

[3] "By virtue of [the Constitution], 'the Legislature has delegated to administrative agencies attached to the Executive Branch a number of powers, either through the agency's organic law or through special laws.'" *Muñoz Barrientos v. Estado Libre Asociado de Puerto Rico*, 212 D.P.R. 714, 723 (2023) (Translation ours).

enacting or enforcing laws concerning the PREB, the FOMB's action threatens to eliminate the Senate's ability to define the functions of executive departments. This is a violation of the separation of powers, as it would render the Senate's legislative function ineffective, a nullity. The Senate cannot stand by passively while the FOMB moves to create a precedent granting it the power to replace the Legislature, by removing the Senate's authority over administrative agencies, forever into the future. It is clear, then, that the Senate has an immediate, substantial, protectable and direct interest in this case that warrants intervention as of right. *Patch*, 136 F.3d at 205.

    B.  <u>The Governor cannot adequately represent the Senate's interest</u>

Fed. R. Civ. P. 24(a) requires intervention as of right of those who bear an interest that may be practically impeded "unless existing parties adequately represent the interest." "To demonstrate inadequate representation, a putative intervenor must show that no existing party fairly represents her interests." *T-Mobile Northeast LLC*, 969 F.3d at 39. However, contrary to the FOMB's assertions, under recent Supreme Court precedent, "a movant's burden in circumstances like these 'should be treated as minimal.'" *Berger v. North Carolina State Conference of the NAACP*, 597 U.S. 179, 196 (2022). In *Berger*, the Supreme Court, recognizing the "possibility that different branches of government may seek to vindicate different and valuable state interests," *id*. at 199, authorized the intervention as of right of the legislative leaders although the state's interest was already represented by the governor and a board, through the state's attorney general. The Court stressed that "a plaintiff who chooses to name this or that official defendant does not necessarily and always capture all relevant state interests" and that to "hold otherwise would risk allowing a private plaintiff to pick its preferred defendants." *Id*. at 195.

The Governor, as head of the executive branch, cannot adequately represent the Senate's distinct legislative interests in this case, nor redress the great harm the Senate – and in fact the

7

whole Legislative Assembly of Puerto Rico – would suffer. The Governor's primary role is to execute and enforce laws passed by the Legislature, not to protect the Senate's constitutional authority to legislate. The separation of powers doctrine further underscores that the Governor's defense in this matter is limited to his own executive powers and does not extend to defending the Senate's legislative functions. While the Governor may seek to defend his authority to implement and enforce laws, his interests are not aligned with those of the Senate, whose primary concern is preserving its ability to legislate matters of public policy of upmost importance, like renewable energy policy, as well as what regards its inherent authority over the administrative agencies it has created. The Governor's defense in this case is necessarily limited to defending his executive powers and does not encompass the broader legislative authority of the Senate. The Governor's constitutional duty under Article IV, § 4 is to execute laws, not to defend the Senate. As such, the Senate's interest in maintaining its legislative authority is distinct and cannot be adequately represented by the Governor. The Governor's focus on his executive powers leaves the Senate's legislative interests and prerogatives unprotected.

Furthermore, the Governor is the head of the executive branch, so he will always be able to maintain some degree of control – in one way or another – over PREB. His position in this litigation is, therefore, in conflict with the Senate's position. It is the Senate whose authority over PREB is sought to be removed by prohibiting all future legislation. Because of this conflict between their corresponding interests, the Governor is unable to adequately represent the Senate's interests in this action.

Moreover, with great respect, the Senate questions the adequacy of the Governor's litigation of the case, as he did not even file a motion to dismiss and has already agreed to an expedited procedure, which potentially limits the possibility of extensive discovery that would

allow this Honorable Court to have a full picture of the complexity of the critical energy issues at stake here. That is, there is no indication that the Governor will present a vigorous defense in this case. This may be the reason why – as in *Berger* – the FOMB, as plaintiff decided that the Governor be the only defendant in this case, even if in the prayer for relief it seeks to limit the Legislature's ability to legislate on a central aspect of energy policy.[4] This is one of those cases in which the Court will benefit from having both the Senate and the Governor as formal parties in order to obtain a complete picture of the Commonwealth's interests at stake.

In sum, the Senate's and the Governor's interests are not aligned. Thus, the Senate's interests are not adequately represented in this case. Intervention of right is warranted under Fed. R. Civ. P. 24(a).

### III.    Conclusion

The Senate of Puerto Rico has a substantial and constitutionally protected interest in preserving its legislative authority, particularly in the context of establishing the public policy in the subject of energy and the role and duties of PREB, as the entity created by the Legislature to implement said legislative policy. The relief sought by the FOMB directly impinges upon, and effectively annuls, the Senate's legislative powers, creating a clear separation of powers issue. Because the Governor cannot adequately represent the Senate's interests in this case, the Senate respectfully requests that this Court grant its motion to intervene as of right under Fed. R.Civ. P. 24(a).

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the instant document has been filed with the

---

[4] It is worth noting that on previous cases seeking the annulment of Commonwealth laws, the FOMB had included the Senate as a formal party to the case. *See e.g. FOMB v. Pierluisi, AFAAF, Dalmua & Hernández*, Adv. Proc. 21-00072. This is an express recognition of that the Legislature's interest in the process of annulling a law is not adequately represented by the Governor.

9

Court's CM/ECF System, which will simultaneously serve notice on all counsels of record to their registered e-mail addresses. Any non-registered attorneys and/or parties will be served via regular mail.

In San Juan, Puerto Rico this 9th day of September, 2024.

**RESPECTFULLY SUBMITTED.**

**QUIÑONES & ARBONA, PSC**
PO Box 10906
San Juan, Puerto Rico 00922
☎ Tel.787-620-6776
📠 Fax. 787-620-6777

**S/ EDWIN QUIÑONES-RIVERA**
USDC-PR No. 124305
E-mail: equinones@qaclaw.com

*Attorneys for* intervenor*, Senate of Puerto Rico and its President, Hon. Jose Luis Dalmau Santiago, in his official capacity as President of the Senate of Puerto Rico.*