# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as a representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA Title III<br><br>Case No. 17-BK-4780-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>Plaintiff<br><br>v.<br><br>HON. PEDRO PIERLUISI, in his official capacity as Governor of Puerto Rico,<br><br>Defendant | Adv. Proc. No. 24-00062-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

### GOVERNOR'S ANSWER TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO'S COMPLAINT

Defendant Hon. Pedro R. Pierluisi, acting in his official capacity as the Governor of the Commonwealth of Puerto Rico (the "Governor"), respectfully answers the Complaint filed by Plaintiff Financial Oversight and Management Board (the "Board") as follows. To the extent that this Answer fails explicitly to address any allegations in the Complaint (including any allegations in footnotes, section headings, or otherwise), those allegations are denied.

### NATURE OF THE ACTION

1. The Governor denies that the allegations of Paragraph 1 present a complete, accurate, in-context description of Act 10-2024 ("Act 10") and respectfully refers the Court to that Act for a complete and accurate description of its contents and effects. The Governor further avers that Paragraph 1 states legal conclusions to which no response is required, and to the extent a response is required, admits only that the complaint in this action seeks, among other things, to nullify Act 10.

2. The Governor denies the allegations of Paragraph 2, except (i) denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first, third, and fourth sentences of Paragraph 2 concerning the Board's "purpose" in bringing this action; and (ii) denies that the allegations of the second sentence of Paragraph 2 present a complete, accurate, in-context description of PREPA's 2023 fiscal plan (the "PREPA Fiscal Plan") and respectfully refers the Court to that plan for a complete and accurate description of its contents.

3. The Governor denies the allegations of Paragraph 3, except admits that PREPA has at times faced challenges in its management and capital investments that has resulted in PREPA's operating at a deficit since 2011 and respectfully refers the Court to Act 10 for a complete and accurate description of its contents and effects.

4. The Governor denies the allegations of Paragraph 4, except admits that (i) PREPA's electrical system is outdated and relies in part on oil-fired generators; (ii) that the services provided to electricity customers in Puerto Rico must improve and (iii) PREPA's electricity rates are very often higher than those of other electrical utilities in the United States.

5. The Governor admits that in 2014, the Government enacted Act 57-2014 ("Act 57," a certified translation of which is attached as Exhibit 1 to the complaint), denies that the allegations of Paragraph 5 present a complete, accurate, in-context description of that Act and its purpose, and respectfully refers the Court to Act 57 for a complete and accurate description of its contents and effects.

6. The Governor denies that the allegations of Paragraph 6 present a complete, accurate, in-context description of the 2023 and 2024 Commonwealth Fiscal Plans (the "2023 Commonwealth Fiscal Plan" and "2024 Commonwealth Fiscal Plan") and the PREPA Fiscal Plan and respectfully refers the Court to those plans for a complete and accurate description of their contents. In response to footnote 2, the Governor admits that (i) Exhibit 2 to the complaint is a true and correct copy of the 2023 Commonwealth Fiscal Plan; (ii) Exhibit 3 to the complaint is a true and correct copy of the 2024 Commonwealth Fiscal Plan; and (iii) Exhibit 4 to the complaint is a true and correct copy of the 2023 PREPA Fiscal Plan.

7. The Governor denies the allegations of Paragraph 7, except (i) admits that (a) the Energy Bureau has been conducting a study of PREPA's net-metering program, (b) Exhibit 5 is a certified translation of Act 114, and (c) Exhibit 6 is a certified translation of Act 17; and (ii) denies that the allegations of Paragraph 7 present a complete, accurate, in-context description of Act 17-2019 ("Act 17"), Act 114-2007 ("Act 114") or PREPA's net metering program, and respectfully refers the Court to those Acts for a complete and accurate description of their contents and effects.

3

8. The Governor (i) denies that the allegations of Paragraph 8 present a complete, accurate, in-context description of Act 17 and Act 114 and respectfully refers the Court to those Acts for a complete and accurate description of their contents and effects and (ii) denies knowledge or information sufficient to form a belief as to whether the allegations of the first sentence of Paragraph 8 are accurate as to every net-metering program ever conceived.

9. The Governor denies that the allegations of Paragraph 9 present a complete, accurate, in-context description of the PREPA Fiscal Plan and respectfully refers the Court to that Plan for a complete and accurate description of its contents.

10. The Governor denies the allegations of Paragraph 10, except admits that the Government enacted Act 10 on January 10, 2024 and denies knowledge or information sufficient to form a belief as to when the Energy Bureau was scheduled to complete its study.

11. The Governor denies the allegations of Paragraph 11 and respectfully refers the Court to Act 10 for a complete and accurate description of its contents and effects, except denies knowledge or information sufficient to form a belief as to the truth of the allegations of footnote 4.

12. The Governor denies that the allegations of Paragraph 12 present a complete, accurate, in-context description of Act 10 and its effects and respectfully refers the Court to Act 10 for a complete and accurate description of its contents and effects.

13. The Governor denies that the allegations of Paragraph 13 present a complete, accurate, in-context description of Act 10 and its effects and respectfully refers the Court to Act 10 for a complete and accurate description of its contents and effects.

14. The Governor denies the allegations of Paragraph 14 and respectfully refers the Court to the Fiscal Plans and Act 10 for a complete and accurate description of their contents and

4

effects, except admits that the Puerto Rico Legislative Assembly Budget Office ("OPAL") did not conduct an analysis of Act 10 before its enactment.

15. The Governor denies the allegations of Paragraph 15 and respectfully refers the Court to Act 10 for a complete and accurate description of its contents and effects.

16. Paragraph 16 sets forth a legal conclusion to which no response is required. To the extent a response is required, the Governor denies the allegations of Paragraph 16.

17. The Governor denies the allegations of Paragraph 17, except denies knowledge or information sufficient to form a belief as to what the Board has "determined."

18. The Governor denies the allegations of Paragraph 18 and respectfully refers the Court to the PROMESA Section 204(a) submission for Act 10 for a complete and accurate description of its contents.

## PARTIES

19. The Governor admits the allegations of Paragraph 19.

20. The Governor admits the allegations of Paragraph 20.

## JURISDICTION AND VENUE

21. The Governor denies the allegations of Paragraph 21, except (i) avers that the first two and final sentences of Paragraph 21 state legal conclusions to which no response is required, and to the extent a response is required, admits that this Court has subject-matter jurisdiction over this dispute, (ii) denies knowledge or information sufficient to form a belief as to the speculative allegations in the third and sixth sentences of Paragraph 21, and (iii) respectfully refers the Court to PREPA's plan of adjustment for a complete and accurate description of its contents.

22. Paragraph 22 states legal conclusions to which no response is required. To the extent a response is required, the Governor admits that the Court has subject-matter jurisdiction over this action.

23. Paragraph 23 states legal conclusions to which no response is required. To the extent a response is required, the Governor admits that the Court has personal jurisdiction over him in his capacity as Governor.

24. Paragraph 24 states legal conclusions to which no response is required. To the extent a response is required, the Governor denies the allegations of Paragraph 24, except admits that venue is proper in this District.

## FACTUAL BACKGROUND

### A. HISTORY OF PREPA AND ENERGY BUREAU

25. The Governor admits the allegations of Paragraph 25.

26. The Governor denies the allegations of Paragraph 26, except admits that (i) PREPA's customers have paid often higher rates than customers of some mainland United States electric utilities; (ii) PREPA's generation mix includes fossil-fuel-powered generators; (iii) PREPA's customers have often experienced more frequent outages than those of electricity customers in the mainland United States; (iv) PREPA's facilities include outdated equipment; (v) PREPA's rates fluctuate from time to time based on, among other things, the price of oil; and (vi) PREPA (and parties acting on behalf of PREPA) have undertaken efforts to improve its operations and financial position, which efforts are ongoing.

27. The Governor denies the allegations of Paragraph 27 present a complete, accurate, in-context description of the PREPA Fiscal Plan and its effects and respectfully refers the Court to that document for its complete and accurate contents.

28. The Governor admits the allegations of Paragraph 28.

6

29.     The Governor denies that the allegations of Paragraph 29 present a complete, accurate, in-context description of Act 57 and respectfully refers the Court to that Act for a complete and accurate description of its contents and effects.

30.     The Governor denies that the allegations of Paragraph 30 present a complete, accurate, in-context description of PROMESA § 201 and respectfully refers the Court to that statute for a complete and accurate description of its contents and effects.

31.     The Governor admits the allegations of Paragraph 31.

32.     The Governor denies that the allegations of Paragraph 32 present a complete, accurate, in-context description of the PREPA and Commonwealth Fiscal Plans, admits that a true and correct copy of the 2017 PREPA Fiscal Plan is attached as Exhibit 8 to the complaint and respectfully refers the Court to that document and the other PREPA and Commonwealth Fiscal Plans for their complete and accurate contents.

33.     The Governor denies that the allegations of Paragraph 33 present a complete, accurate, in-context description of the current Commonwealth and PREPA fiscal plans and respectfully refers the Court to those documents for their complete and accurate contents.

34.     The Governor denies that the allegations of Paragraph 34 present a complete, accurate, in-context description of the Commonwealth and PREPA fiscal plans and respectfully refers the Court to those documents for a complete and accurate description of their contents.

**B.      THE COMMONWEALTH'S NET METERING PROGRAM UNDER ACT 114 AND ACT 17**

35.     The Governor admits the allegations of Paragraph 35.

36.     The Governor denies knowledge or information sufficient to form a belief as to whether every net-metering program ever conceived is as described in Paragraph 36 and denies that the allegations of Paragraph 36 present a complete, accurate, in-context description of the

statement of motives for Act 114 and respectfully refers the Court to that statement of motives for a complete and accurate description of its contents.

37. The Governor denies that the allegations of Paragraph 37 present a complete, accurate, in-context description of Act 114 and how the net metering system works and respectfully refers the Court to Act 10 for a complete and accurate description of its contents and effects.

38. The Governor denies that the allegations of Paragraph 38 provide a complete, accurate, in-context description of how PREPA's net-metering program works, except (i) admits that (a) many net-metering customers receive credits on their bills; (b) PREPA customers' bills are comprised of a fixed monthly charge together with a volumetric charge; (c) PREPA's filings with PREB seek to establish rates so that its total revenues exceed its total costs; and (ii) denies knowledge or information sufficient to form a belief as to whether the value of a net-metering offset may be lower than, equal to, or greater than PREPA's average cost of electricity production.

39. The Governor denies that the allegations of Paragraph 39 present a complete, accurate, in-context description of how PREPA's net metering program works, except admits that net-metering programs offer reduce pollutants and greenhouse gases and contribute to Puerto Rico's important renewable-energy goals—benefits that are difficult, if not impossible, to quantify financially—and so determining whether to maintain or modify Puerto Rico's current net metering program involves balancing many important, complex financial and policy factors.

40. The Governor admits that on April 11, 2019, the Government enacted Act 17 (known as the Puerto Rico Energy Public Policy Act of 2019) but denies that the allegations of Paragraph 40 present a complete, accurate, in-context description of Act 17 or its legislative

8

intent and respectfully refers the Court to that Act for a complete and accurate description of its contents and effects.

41. The Governor denies that the allegations of Paragraph 41 present a complete, accurate, in-context description of Act 17 and respectfully refers the Court to that Act for a complete and accurate description of its contents and effects.

42. The Governor admits that a true and correct copy of PREPA's 2019 Fiscal Plan is attached as Exhibit 9 to the complaint and denies that the allegations of Paragraph 42 present a complete, accurate, in-context description of PREPA's fiscal plans and respectfully refers the Court to those documents for a complete and accurate description of their contents.

43. The Governor denies that the allegations of Paragraph 43 present a complete, accurate, in-context description of PREPA's current fiscal plan and respectfully refers the Court to that document for a complete and accurate description of its contents.

44. The Governor denies that the allegations of Paragraph 44 present a complete, accurate, in-context description of the PREPA Fiscal Plan, except (i) denies knowledge or information sufficient to form a belief as to the truth of the allegations of the final sentence of Paragraph 44 and (ii) respectfully refers the Court to the current PREPA fiscal plan, Act 17, the Declaration of Glenn R. George, and the Submission of Quarterly Report on System Date for January through March 2024 for their accurate and complete contents.

45. The Governor denies that the allegations of Paragraph 45 present a complete, accurate, in-context description of PREPA's current fiscal plan and respectfully refers the Court to that document for a complete and accurate description of its contents.

C. **THE GOVERNMENT ENACTS ACT 10**

46. The Governor denies the allegations of Paragraph 46, except admits that (i) on October 21, 2022, Senate Bill 1064 was introduced in Puerto Rico's Senate; (ii) on January 8,

2024, Senate Bill 1064 was passed by Puerto Rico's Legislature; and (iii) on January 10, 2024, the Governor signed Senate Bill 1064 into law as Act 10.

47. The Governor denies that the allegations of Paragraph 47 present a complete, accurate, in-context description of Act 10 and respectfully refers the Court to that Act for a complete and accurate description of its contents and effects.

### D. THE GOVERNOR'S SECTION 204(a) SUBMISSION AND THE OVERSIGHT BOARD'S ASSESSMENT OF THAT SUBMISSION

48. The Governor avers that the allegations of the first sentence of Paragraph 48 state a legal conclusion to which no response is required and, to the extent a response is required, denies that those allegations present a complete, accurate, in-context description of PROMESA Section 204(a)(1) and respectfully refers the Court to that statute for a complete and accurate description of its contents and effects. The Governor (a) admits that (i) on February 12, 2024, the Government submitted a certification under PROMESA Section 204(a) for Act 10; and (ii) Exhibit 10 is a true and correct copy of the Government's Section 204(a) submission for Act 10, and (b) denies knowledge or information sufficient to form a belief as to the truth of the allegations that Exhibits 10, 11, and 12 are certified translations of the attachments to the Submission.

49. The Governor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49.

50. The Governor denies the allegations of Paragraph 50 and respectfully refers the Court to the Government's PROMESA Section 204(a) submission for Act 10 for its complete and accurate contents.

10

51. The Governor denies the allegations of Paragraph 51 and respectfully refers the Court to the Governor's PROMESA Section 204(a) submission for Act 10 for its complete and accurate contents.

52. The Governor denies the allegations of Paragraph 52, except (i) admits that AAFAF provided a report that was part of the PROMESA Section 204(a) submission for Act 10 and respectfully refers the Court to that report for its complete and accurate contents and (ii) admits that Exhibit 13 to the complaint is a true and correct copy of a certified translation of Executive Order 2019-057 and Exhibit 14 to the complaint is a true and correct copy of a June 16, 2023 letter from AAFAF's Deputy Executive Director and respectfully refers the Court to those documents for their complete and accurate contents.

53. The Governor denies the allegations of Paragraph 52 and respectfully refers the Court to the PROMESA Section 204(a) submission for Act 10 for its complete and accurate contents.

54. The Governor admits that on April 10, 2024, the Board's General Counsel sent a letter to AAFAF's Executive Director (a true and correct copy of which is Exhibit 15 to the complaint) and respectfully refers to that letter for its complete and accurate contents.

55. The Governor denies that the allegations of Paragraph 55 present a complete, accurate, in-context description of the Board's April 10, 2024 letter and respectfully refers the Court to that letter for its complete and accurate contents.

56. The Governor denies that the allegations of Paragraph 56 present a complete, accurate, in-context description of the Board's April 10, 2024 letter and respectfully refers the Court to that letter for its complete and accurate contents.

11

57. The Governor admits that on April 15, 2024, AAFAF's Deputy Executive Director and CFO sent a letter to the Board's General Counsel, a true and correct copy of which is Exhibit 16 to the complaint.

58. The Governor denies that the allegations of Paragraph 58 present a complete, accurate, in-context description of AAFAF's April 15, 2024 letter and respectfully refers the Court to that letter for its complete and accurate contents.

59. The Governor admits the allegations of Paragraph 59.

60. The Governor denies that the allegations of Paragraph 55 present a complete, accurate, in-context description of the Board's May 2, 2024 letter and respectfully refers the Court to that letter for its complete and accurate contents.

61. The Governor admits that on May 7, 2024, AAFAF's Executive Director sent a letter to the Board's Executive Director, a true and correct copy of which is Exhibit 18 to the complaint.

62. The Governor denies that the allegations of Paragraph 55 present a complete, accurate, in-context description of the AAFAF's May 7, 2024 letter and respectfully refers the Court to that letter for its complete and accurate contents.

63. The Governor (i) admits that on June 14, 2024, the Energy Bureau approved a resolution, (ii) admits that a true and correct copy of a resolution and draft study by the Energy Bureau is attached to the complaint as Exhibit 19, (iii) denies knowledge or information as to the provenance of Exhibit 20 to the complaint, and (iv) denies that the allegations of Paragraph 63 present a complete, accurate, in-context description of the draft study and respectfully refers the Court to that document for its complete and accurate contents.

64. The Governor admits the allegations of Paragraph 64.

65. The Governor denies the allegations of Paragraph 65.

### E. THE OVERSIGHT BOARD DETERMINED ACT 10 IMPAIRS OR DEFEATS THE PURPOSES OF PROMESA

66. The Governor denies that the allegations in Paragraph 66 present a complete, accurate, in-context description of Act 10 and respectfully refers the Court to that Act for a complete and accurate description of its contents and effects.

67. The Governor denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67.

68. The Governor denies the allegations of Paragraph 68 and respectfully refers the Court to the Board's April 5, 2024 resolution (a true and correct copy of which is Exhibit 21 to the complaint) for its complete and accurate contents.

69. The Governor denies the allegations of Paragraph 69, except admits that (i) on June 5, 2024, the Board certified the 2024 Commonwealth Fiscal Plan and (ii) on June 21, 2024, the Board adopted a resolution (a true and correct copy of which is Exhibit 22 to the complaint) and respectfully refers the Court to those documents for their complete and accurate contents.

### COUNT I
### NULLIFICATION OF ACT 10 AND INJUNCTION BARRING IMPLEMENTATION AND ENFORCEMENT OF ACT 10 (PROMESA §§ 108(a)(2) AND 104(k))

70. The Governor repeats and incorporates by reference his responses to Paragraphs 1 through 69 as if fully set forth herein.

71. Paragraph 71 states legal conclusions to which no response is required. To the extent a response is required, the Governor denies the allegations of Paragraph 71.

72. The Governor admits the allegations of Paragraph 72.

73. The Governor denies the allegations of Paragraph 73, except denies knowledge or information sufficient to admit or deny what the Board "determined."

13

74. Paragraph 74 states legal conclusions to which no response is required. To the extent a response is required, the Governor denies the allegations of Paragraph 74.

75. The Governor admits the allegations of Paragraph 75.

76. Paragraph 76 states legal conclusions to which no response is required. To the extent a response is required, the Governor denies the allegations of Paragraph 76.

## COUNT II
## NULLIFICATION OF ACT 10 AND INJUNCTION BARRING IMPLEMENTATION OR ENFORCEMENT OF ACT 10 (PROMESA § 204(a)(5))

77. The Governor repeats and incorporates by reference his responses to Paragraphs 1 through 76 as if fully set forth herein.

78. Paragraph 78 states legal conclusions to which no response is required. To the extent a response is required, the Governor denies that the allegations of Paragraph 78 present a complete, accurate, in-context description of PROMESA § 204(a) and respectfully refers the Court to that statute for its complete and accurate contents.

79. The Governor denies the allegations of Paragraph 79 and incorporates by reference his responses to Paragraphs 50–52 as if fully set forth herein.

80. The Governor denies that the allegations of Paragraph 80 present a complete, accurate, in-context description of Exhibit 15 and respectfully refers the Court to that exhibit for its complete and accurate contents.

81. The Governor denies the allegations of Paragraph 81 present a complete, accurate, in-context description of Exhibit 15 and respectfully refers the Court to that exhibit for its complete and accurate contents.

82. The Governor denies that the allegations of Paragraph 82 present a complete, accurate, in-context description of the April 15, 2024 letter and respectfully refers the Court to that letter for its complete and accurate contents.

14

83. The Governor denies the allegations of Paragraph 83.

84. Paragraph 84 states legal conclusions to which no response is required. To the extent a response is required, the Governor denies that the allegations of Paragraph 84 present a complete, accurate, in-context description of PROMESA Section 204(a)(5) and respectfully refers the Court to that statute for its complete and accurate contents and effects.

85. The Governor denies that the allegations of Paragraph 85 present a complete, accurate, in-context description of Act 10 and respectfully refers the Court to Act 10 for a complete and accurate description of its contents.

86. The Governor denies the allegations of Paragraph 86.

**DEFENSES**

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to the Governor as to any element of Plaintiffs' claims, the Governor asserts the following defenses:

**FIRST DEFENSE**

The Complaint fails to allege facts sufficient to state a claim upon which relief can be granted. In fact, as noted in the Section 204(a) submission for Act 10, which is an exhibit to and incorporated into the Complaint, the PREPA certified fiscal plan assumes that the existing net metering policy and bill credit structure will remain unaltered for the term of that fiscal plan.[2] Moreover, that fiscal plan recognizes that renewable energy—including rooftop solar—is a vital component in the transition towards a sustainable and resilient energy system.[3] Act 10 will serve that important purpose by helping the Government achieve the renewable portfolio standard of

---

[2] Compl. Ex. 10 at 5 ("PREPA's fiscal plan assumes that the existing net metering policy and bill credit structure remains in place.")

[3] Compl. Ex. 4 at 20-21, 49-51.

100% by 2050, as mandated by Act 17-2019, and Act 10 will also continue to ensure that the residents of Puerto Rico have access to low-priced solar power, improving their quality of life.

## PRAYER FOR RELIEF

WHEREFORE the Governor prays that the Court deny the relief requested in the Board's prayer for relief, enter judgment dismissing the claims against him with prejudice, and grant the Governor such other and further relief as may be just and proper.

*Remainder of Page Intentionally Left Blank*

Dated: September 11, 2024
San Juan, Puerto Rico

Respectfully submitted,

| **O'MELVENY & MYERS LLP** | **MARINI PIETRANTONI MUÑIZ LLC** |
|---|---|
| */s/ William J. Sushon* | */s/ Luis C. Marini-Biaggi* |
| John J. Rapisardi | Luis C. Marini-Biaggi |
| William J. Sushon | USDC No. 222301 |
| (Admitted *Pro Hac Vice*) | Carolina Velaz-Rivero |
| 1301 Avenue of the Americas, | USDC No. 300913 |
| 17th Floor, | Ignacio J. Labarca-Morales |
| New York, NY 10019 | USDC No. 303307 |
| Telephone: (212) 326-2000 | 250 Ponce de León Ave., Suite 900 |
| Facsimile: (212) 326-2061 | San Juan, Puerto Rico 00918 |
| Email: jrapisardi@omm.com | Telephone: (787) 705-2171 |
|     wsushon@omm.com | Facsimile: (787) 936-7494 |
| | Email: lmarini@mpmlawpr.com |
| -and- |     cvelaz@mpmlawpr.com |
| |     ilabarca@mpmlawpr.com |
| Peter Friedman | |
| 1625 Eye Street, NW | *Attorneys for Governor Pedro R. Pierluisi* |
| Washington, DC 20006 | |
| Telephone: (202) 383-5300 | |
| Facsimile: (202) 383-5414 | |
| Email: pfriedman@omm.com | |
| | |
| *Attorneys for Governor Pedro R. Pierluisi* | |