# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

               Debtors.[1]

PROMESA

Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO ELECTRIC POWER
AUTHORITY,

               Debtor.

PROMESA

Title III

No. 17 BK 4780-LTS

(Jointly Administered)

---------------------------------------------------------x

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO
RICO,

               Plaintiffs,

Adv. Proc. No. 24-00062-LTS

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

v.

HON. PEDRO PIERLUISI, in his official
capacity as Governor of Puerto Rico,

                Defendant,

                and

SENATE OF PUERTO RICO, through Hon.
José Luis Dalmau, in his official capacity as
President of the Senate of Puerto Rico,

                Intervenor – Defendant.
-----------------------------------------------------------x

## ORDER DENYING MOTION FOR LEAVE TO FILE AMICUS BRIEF

This matter is before the Court on the *Motion for Leave to File Amicus Curiae by Diverse Entities in Support of the Governor's Opposition to Financial Oversight and Management Board for Puerto Rico's Motion for Summary Judgment and the Senate's Opposition to Plaintiff's Motion for Summary Judgment* (Dkt. No. 71 in Adv. Proc. No. 24-00062)[2] (the "Motion") filed by the Diverse Entities.[3] Therein, the Diverse Entities seek leave to file a joint amicus brief (see Mot. Ex. A, the "Proposed Brief") in support of both the Governor's and the Senate's opposition to the Oversight Board's motion for summary judgment (see Dkt. Nos. 45, 62, 67). Sunnova, FranklinWH Energy Storage Inc., Pytes (USA) Energy, Inc. and Elders Climate Action filed a joinder to the Motion. (See Dkt. No. 73). SMA America and Sol-Ark, LLC also filed a joinder to

---

[2] All docket entry references are entries in Adv. Proc. No. 24-00062, unless otherwise specified.

[3] Capitalized terms not defined herein shall have the meanings given to them in the Motion, the *Order Denying Petition for Intervention* (Dkt. No. 41) or in the two joinder motions filed in connection with the Motion (see Dkt. Nos. 73, 74) (the "Joinder Motions").

2

the Motion. (See Dkt. No. 74). The deadline for the Oversight Board to file any reply in support of their motion for summary judgment is November 13, 2024. For the following reasons, the Motion is denied.

In the First Circuit, the acceptance of amicus briefs is within the sound discretion of the Court as "*amicus* participation may be appropriate in some circumstances and not others." United States v. Keleher, 475 F. Supp. 3d 80, 83 (D.P.R. 2020) (citing Strasser v. Doorley, 432 F.2d 567, 569 (1st Cir. 1970)). Such circumstances include when the court believes that the proposed amicus brief would assist existing counsel in presenting the relevant legal issues or when the court believes that the brief would assist the court in resolving the case. See Strasser, 432 at 569; Tropical Chill Corp. v. Urrutia, No. CV 21-1411 (RAM), 2021 WL 4713064, at *1 (D.P.R. Oct. 8, 2021); Vernet v. Serrano-Torres, No. CV 00-2559 (DRD), 2012 WL 13170257, at *3 (D.P.R. May 29, 2012). The Court has examined the proposed brief and has determined that such circumstances do not exist here. The Diverse Entities seek to present issues tangential to the core issue of whether Act 10 was appropriately enacted. (See Proposed Brief ¶¶ 4-12, 17-32). The Court is not convinced that the Proposed Brief will "aid the Court in achieving the proper resolution of the outstanding issues in this matter." Vernet, 2012 WL 13170257, at *3. Additionally, as the Oversight Board's reply in support of its motion for summary judgment is due in less than two weeks under an expedited briefing schedule, accepting the Proposed Brief would delay resolution of this matter. The Motion is therefore denied. The Joinder Motions are denied as moot.

This Order resolves Dkt. Nos. 71, 73, 74.

SO ORDERED.

                                                                                <u>/ s / Judith Gail Dein</u>
                                                                                Judith Gail Dein
                                                                                United States Magistrate Judge

DATED: October 31, 2024