# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Title III |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Title III |
| as representative of | No. 17 BK 4780-LTS |
| PUERTO RICO ELECTRIC POWER AUTHORITY, | (Jointly Administered) |
| Debtor. | |

------------------------------------------------------------x

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Adv. Proc. No. 24-00062-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (v) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).  On October 30, 2024, the Title III case for the Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) was closed.

      Plaintiff,

      v.

HON. PEDRO PIERLUISI, in his official
capacity as Governor of Puerto Rico,

      Defendant,

      and

SENATE OF PUERTO RICO, through Hon.
José Luis Dalmau, in his official capacity as
President of the Senate of Puerto Rico,

      Intervenor – Defendant.
-----------------------------------------------------------x

## ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

  This matter is before the Court on the *Motion for Reconsideration of Order Denying Motion for Leave to File Amicus Curiae Brief* (Dkt. No. 87 in Adv. Proc. No. 24-00062)[2] (the "Motion") filed by the Diverse Entities.[3] Therein, the Diverse Entities ask the Court to reconsider its Order (Dkt. No. 76) denying them leave to file a joint amicus brief in support of the opposition of the Governor and the Senate to the Oversight Board's motion for summary judgment (see Dkt. Nos. 45, 62, 67). The motion for summary judgment has been fully briefed by the parties to the litigation.

  By their Motion, the Diverse Entities seek to expand the factual record by "offering empirical data and economic analysis not presented by the FOMB, nor the Governor" in order

---

[2] All docket entry references are entries in Adv. Proc. No. 24-00062, unless otherwise specified.

[3] Capitalized terms not defined herein shall have the meanings given to them in the Motion.

2

to establish "the positive economic and social impacts of Act 10-2024 and net-metering" and to correct "factual misrepresentations related to the alleged economic burden of net metering[.]" (Motion ¶¶ 5-6). However, the Diverse Parties have not established that the Governor and the Senate are incapable of asserting legal and factual arguments in support of Act 10. Moreover, it is appropriate for the Court to consider the factual record as developed by the parties in connection with the motion for summary judgment, not additional facts which have not been subjected to the parties' scrutiny. See Strasser v. Doorley, 432 F.2d 567, 569 (1st Cir. 1970) ("[A]n amicus who argues facts should rarely be welcomed . . . .").

In the First Circuit, the acceptance of amicus briefs is within the sound discretion of the Court as "[a]micus participation may be appropriate in some circumstances and not others." United States v. Keleher, 475 F. Supp. 3d 80, 83 (D.P.R. 2020) (and cases cited). As the Court explained in denying the initial request for leave to file an amicus brief, after reviewing the proposed brief, the Court does not believe that it would assist existing counsel in presenting the relevant legal issues or that the brief would assist the Court in resolving the case. See Strasser, 432 F.2d at 569; Tropical Chill Corp. v. Pierluisi Urrutia, No. CV 21-1411 (RAM), 2021 WL 4713064, at *1 (D.P.R. Oct. 8, 2021); Vernet v. Serrano-Torres, No. CV 00-2559 (DRD), 2012 WL 13170257, at *3 (D.P.R. May 29, 2012). In addition, if the amicus brief was accepted, the parties would have to address facts beyond the scope of the record, thereby delaying the resolution of the issues presented. Therefore, the Motion is DENIED.

This Order resolves Dkt. No. 87.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

DATED: November 25, 2024

3