# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

               Debtors.[1]

PROMESA

Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO ELECTRIC POWER
AUTHORITY,

               Debtor.

PROMESA

Title III

No. 17 BK 4780-LTS

(Jointly Administered)

---------------------------------------------------------------x

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO
RICO,

               Plaintiffs,

Adv. Proc. No. 24-00062-LTS

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

v.

HON. PEDRO PIERLUISI, in his official
capacity as Governor of Puerto Rico,

        Defendant,

        and

SENATE OF PUERTO RICO, through Hon.
José Luis Dalmau, in his official capacity as
President of the Senate of Puerto Rico,

        Intervenor – Defendant.
-----------------------------------------------------------x

## ORDER DENYING MOTION FOR LEAVE TO FILE AMICUS BRIEF

This matter is before the Court on the *Consolidated Motion (1) for Leave to Appear as Amicus Curiae; (2) for Leave to File an Oversize Memorandum of Law; and (3) to File Dr. Luis A. Avilés Pagán's Curriculum Vitae as an Appendix* (Dkt. No. 95 in Adv. Proc. No. 24-00062)[2] (the "Motion") filed by Dr. Luis Aníbal Avilés Pagán, Ph.D.[3] Therein, Dr. Pagán seeks leave to file an amicus brief (see Dkt. No. 95-1, the "Proposed Brief") in support of both the Governor's and the Senate's opposition to the Oversight Board's motion for summary judgment (see Dkt. Nos. 45, 62, 67). Dr. Pagán argues that the proposed brief "will provide the Court with authoritative exposition on the intersection of territorial constitutional law, administrative law, and energy policy – perspective [sic] not fully developed by the litigants." (Motion at 4). The Oversight

---

[2] All docket entry references are entries in Adversary Proceeding No. 24-00062, unless otherwise specified.

[3] Capitalized terms not defined herein shall have the meanings given to them in the *Order Denying Petition for Intervention* (Dkt. No. 41).

2

Board's motion for summary judgment has been fully briefed since November 2024. For the following reasons, the Motion is denied.

In the Motion, Dr. Pagán seeks to file his Curriculum Vitae and a 40-page Memorandum of Law. (Motion at 5). The Memorandum of Law makes factual and legal arguments supporting the validity of Act 10. However, Dr. Pagán has not established that the Governor and the Senate are incapable of asserting legal and factual arguments in support of Act 10. Moreover, it is appropriate for the Court to consider the factual record as developed by the parties in connection with the motion for summary judgment, not additional facts which have not been subjected to the parties' scrutiny. See Strasser v. Doorley, 432 F.2d 567, 569 (1st Cir. 1970) ("[A]n amicus who argues facts should rarely be welcomed . . . .").

In the First Circuit, the acceptance of amicus briefs is within the sound discretion of the Court as "*amicus* participation may be appropriate in some circumstances and not others." United States v. Keleher, 475 F. Supp. 3d 80, 83 (D.P.R. 2020) (citing Strasser v. Doorley, 432 F.2d 567, 569 (1st Cir. 1970)). Such circumstances include when the court believes that the proposed amicus brief would assist existing counsel in presenting the relevant legal issues or when the court believes that the brief would assist the court in resolving the case. See Strasser, 432 F.2d at 569; Tropical Chill Corp. v. Pierluisi Urrutia, Civ. No. 21-1411 (RAM), 2021 WL 4713064, at *1 (D.P.R. Oct. 8, 2021); Vernet v. Serrano-Torres, Civ. No. 00-2559 (DRD), 2012 WL 13170257, at *3 (D.P.R. May 29, 2012). The Court is not convinced that the Proposed Brief will "aid the Court in achieving the proper resolution of the outstanding issues in this matter." Vernet, 2012 WL 13170257, at *3. Because the Oversight Board's motion for summary

3

judgment is fully briefed, accepting the Proposed Brief would delay resolution of this matter.

The Motion is therefore denied.

    This Order resolves Dkt. No. 95.

    SO ORDERED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

DATED: May 13, 2025

4